**RECEIVED**

**DEC 2 4 2014**

**BY MAIL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JÜRGEN WECKBACH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| DAVID S. LICKERMAN, M.D and | ) |
| SSM HEALTH CARE ST. LOUIS, | ) Case No. _____ |
| D/B/A SSM ST. JOSEPH HOSPITAL | ) JURY TRIAL DEMANDED |
| WEST, F/K/A ST. JOSEPH HOSPITAL | ) |
| WEST | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, JÜRGEN WECKBACH, by and through undersigned counsel, and sues Defendants DAVID S. LICKERMAN, M.D. and SSM HEALTH CARE ST. LOUIS doing business as SSM ST. JOSEPH HOSPITAL WEST and formerly known as ST. JOSEPH HOSPITAL WEST, and for his complaint alleges and avers the following:

## JURISDICTION, PARTIES, AND VENUE

1. Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, based upon the diversity of citizenship of the parties and the amount in controversy as set forth herein.

2. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a foreign state and citizens of a territorial state of the United States, thereby establishing original jurisdiction pursuant to 28 U.S.C. § 1332.

3. Plaintiff, Jürgen Weckbach, is a citizen of the Federal Republic of Germany, who specifically resides in Walldürn, Germany.

4.      Jürgen Weckbach (hereinafter referred to as "Mr. Weckbach") is suis juris.

5.      Defendant, David Lickerman, M.D. (hereinafter referred to as "Dr. Lickerman"), is suis juris and, upon information and belief, is a citizen of the State of Missouri, registered with the Missouri Division of Professional Registration as a licensed Missouri Medical Physician and Surgeon, with a primary business address listed as SSM St. Joseph Hospital West, at 100 Medical Plaza, Lake Saint Louis, MO 63367.

6.      Defendant, SSM Healthcare St. Louis d/b/a SSM St. Joseph Hospital West f/k/a St. Joseph Hospital West (hereinafter referred to as "SSM Healthcare"), is a Missouri nonprofit corporation, in good standing, with a principal office at 10101 Woodland Lane, St. Louis, MO 63132, and a registered agent as C T Corporation System, 120 South Central Avenue, Clayton, MO 63105. Defendant also owns and/or operates a hospital under a fictitious name, registered in Missouri, as SSM St. Joseph Hospital West, located at 100 Medical Plaza, Lake Saint Louis, MO 63367-1395, which was formerly identified by the now-expired fictitious name of St. Joseph Hospital West.

7.      Defendant, SSM Healthcare, is, for purposes of Federal jurisdiction, a Missouri corporation and resident of the state of Missouri.

8.      Defendants at all relevant times conducted and continue to regularly conduct business in St. Louis, Missouri, thereby subjecting themselves to the personal jurisdiction of this Court.

9.      Venue is proper in the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because this is the District and Division in which Defendants reside and in which a substantial part of the events or omissions giving rise to the claims occurred.

2

## PROCEDURAL AND FACTUAL ALLEGATIONS

10. Plaintiff's claims of medical malpractice arise under Missouri common law, which provides for the right to seek damages and a trial by jury for acts of medical negligence or breaches of the duty of care owed by a medical provider or physician, as a right recognized at Enlish common law as of 1607, and prior to the enactment of the Missouri Constitution of 1820. See Watts v. Lester E. Cox Med. Ctrs., 376 S.W.3d 633, 637-638 (Mo. 2012)(*En Banc*).

11. At all relevant times, Defendant SSM Healthcare employed the services of doctors, nurses, and other professional and non-professional health care providers, including Dr. Lickerman, and held itself out and warranted itself to the public as competent and experienced in the care and treatment of patients.

12. At all relevant times, Dr. Lickerman, was a principal, agent, employee, shareholder, and/or partner of Defendant SSM Healthcare and acted within the scope of his authority.

13. Defendant SSM Healthcare is vicariously and/or contractually liable for the actions of its principals, agents, and employees, including Dr. Lickerman and/or nursing staff.

14. On or about December 29, 2012, Mr. Weckbach, while visiting family in the United States, near St. Louis, Missouri, injured his left knee, to a degree that he could not walk or even move the knee, and was taken to the Emergency Department at St. Joseph Hospital West, where he was examined and treated by Dr. Lickerman.

15. Dr. Lickerman examined Mr. Weckbach and determined following an X-ray that there were no bones broken or damaged, but postulated that there might be knee ligament damage. Upon information and belief, no MRI's or other tests were performed. Mr. Weckbach

3

was released with a knee brace, a prescription for Ibuprofen and oxycodone/acetaminophen, and with instructions to elevate the leg, and keep the knee still and apply ice.

16.     Significantly, Mr. Weckbach had informed Dr. Lickerman of his pending return-travel to Germany. This trip would entail Mr. Weckbach being in an upright, seated position, for at least the duration of an international flight.

17.     Further, despite the risk factors for the development of thrombosis, presented by Mr. Weckbach's leg trauma and his travel circumstances, Dr. Lickerman did not prescribe or apply any thromboprophylaxis measures, and merely instructed Mr. Weckbach to immediately seek medical attention within four days after returning to Germany.

18.     During the subsequent return-travel to Germany, Mr. Weckbach's physical condition and level of pain in his knee worsened, and he began to experience additional pain in his left calf muscle. The level of pain grew even worse on his arrival in Germany.

19.     In Germany, Mr. Weckbach was diagnosed with a meniscus tear. An MRI confirmed that Mr. Weckbach had also developed thrombosis in his leg, which complicated his treatment and surgery on the knee, and prolonged his recovery. Post-surgery, Mr. Weckbach continued to have ongoing problems with thrombosis and with his knee, which impaired him to the extent that he could not walk without a cane, and could not drive a car, which affected his ability to perform his work-related travel responsibilities, putting his job at risk.

20.     On information and belief, Mr. Weckbach's doctors in Germany found it remarkable that no thromboprophylaxis measures were taken, i.e., that the standard of care under the circumstances would ordinarily require a physician or a hospital emergency facility to administer thromboprophylaxis measures prior to releasing a patient with such an injury as the one presented by Mr. Weckbach's knee, in light of his impending international travel.    Such

4

measures would have either eliminated or significantly reduced the sequelae of the resulting thrombosis as it related to the subsequent treatment and recovery of Mr. Weckbach.

21.    The failure to administer prophylaxis measures at the time of Mr. Weckbach's examination and initial treatment constitute medical negligence, and falls below the standard of care expected under the circumstances.

22.    As a result of his thrombosis, Mr. Weckbach sustained an exacerbated level of pain and immobility in his injured left knee, and suffered a prolonged and ongoing recovery period from his injuries, and it affected the ultimate results of his treatment. The thrombosis that had developed took months to overcome, and has resulted in long-term difficulties with Mr. Weckbach's leg, affecting his gait and his general physical and mental wellbeing.

## COUNT I
## MEDICAL NEGLIGENCE OF DAVID S. LICKERMAN, M.D.

23.    Paragraphs 1 through 22 are realleged as though fully set forth herein.

24.    Defendant, David S. Lickerman, M.D., had a duty, as a physician treating patients in the Emergency Department of St. Joseph Hospital West to render medical care as a reasonably prudent physician might under the same or similar circumstances.

25.    Defendant, David S. Lickerman, M.D.'s failure to administer prophylaxis measures at the time of Mr. Weckbach's examination and initial treatment constitute medical negligence, and falls below the standard of care expected under the circumstances.

26.    Defendant, David S. Lickerman, M.D.'s negligence was a direct and substantial cause of the injuries and damages sustained by plaintiff, Jürgen Weckbach.

27.    As a direct and proximate result of David S. Lickerman, M.D.'s negligence, Plaintiff, Jürgen Weckbach, has suffered and continues to suffer severe bodily injuries, pain and suffering, inconvenience, disability, mental anguish, loss of capacity for the enjoyment of life,

5

and the expense of medical and nursing care and treatment.

28.     As a result of the Defendant's negligence, the Defendant, David S. Lickerman, M.D., is further liable unto Plaintiff, Jürgen Weckbach, for the following damages:

a) Past and future medical expenses;

b) Past, present and future physical pain and suffering;

c) Past, present and future mental pain and suffering;

d) Any lost income and loss of earning capacity; and

e) Any other elements of damages recoverable under Missouri common law.

**WHEREFORE,** Plaintiff, Jürgen Weckbach, demands judgment be entered against Defendant, David S. Lickerman, M.D., for money damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

**COUNT II**
**VICARIOUS LIABILITY OF SSM HEALTHCARE**

29.     Paragraphs 1 through 22 are realleged as though fully set forth herein.

30.     Plaintiff, Jürgen Weckbach, was treated by a physician, David S. Lickerman, M.D., and additional medical/nursing personnel who were employees and/or agents with the authority to act on behalf of, and for the benefit of, SSM Healthcare.

31.     SSM Healthcare held this physician and additional medical personnel out as employees and/or agents of SSM Healthcare.

32.     Defendant, David S. Lickerman, M.D., was acting within the course and scope of his duties for and on behalf of SSM Healthcare.

33.     All of these factors led the Plaintiff to believe that David S. Lickerman, M.D. and the additional medical/nursing personnel were authorized to act for the benefit of SSM Healthcare.

34.     The negligence of Defendant, David S. Lickerman, M.D., was a direct and substantial cause of the injuries and damages sustained by the Plaintiff, Jürgen Weckbach.

35.     Consequently, SSM Healthcare is vicariously responsible for the negligence and resulting injuries caused by the acts of commission and/or omission by David S. Lickerman, M.D.

36.     As a direct and proximate result of David S. Lickerman, M.D.'s negligence, Plaintiff, Jürgen Weckbach, has suffered and continues to suffer severe bodily injuries, pain and suffering, inconvenience, disability, mental anguish, loss of capacity for the enjoyment of life, and the expense of medical and nursing care and treatment.

37.     As a result of the Defendant's negligence, the Defendant, SSM Healthcare, is further liable unto Plaintiff, Jürgen Weckbach, for the following damages:

a)      Past and future medical expenses;

b)      Past, present and future physical pain and suffering;

c)      Past, present and future mental pain and suffering;

d)      Any lost income and loss of earning capacity; and

e)      Any other elements of damages recoverable under Missouri common law.

**WHEREFORE,** Plaintiff, Jürgen Weckbach, demands judgment be entered against Defendant, SSM Healthcare, for money damages, costs of suit, pre-judgment interest, and such other relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Jürgen Weckbach, seeks and is entitled to trial by jury under Missouri law on all issues, and makes demand therefore.

7

Dated: December 23, 2014.

Respectfully submitted,

By: *Michael R. Jackson*

**Michael R. Jackson**
Florida Bar No. 0161632
THE JACKSON LAW FIRM, P.A.
1201 S. Orlando Avenue, Suite 201
Winter Park, Florida 32789
Telephone: 321-972-8820
Facsimile: 321-972-8821
Email: mjackson@jacksonlawfirm.net

**James H. Daigle, Jr.**
Louisiana Bar No. 24067
THE JACKSON LAW FIRM, P.A.
650 Poydras Street, Suite 1400
New Orleans, Louisiana 700130
Telephone: 504-327-7370
Facsimile: 504-910-7379
Email: jdaigle@jacksonlawfirm.net